UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: LEVONDA HARRIS, | ) | No. 24-9371 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| LEVONDA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Cox |
| v. | ) | |
| | ) | No. 24-314 |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ANSWER</u>**

The United States Department of Education (Education), by its attorney, Morris Pasqual,

Acting United States Attorney for the Northern District of Illinois, answering the specific

allegations of plaintiff LeVonda Harris's complaint, admits, denies, or otherwise avers as follows:

**Nature of Case**

1.    **Complaint:**  This is an action to declare the Plaintiff's student loan debt to
Defendant(s), the United States Department of Education ("US DOE"), dischargeable as an undue
hardship under 11 U.S.C. § 523(a)(8).

**Response:**    Admit.

**Jurisdiction and Venue**

2.    **Complaint:**  On 06/26/2024, Plaintiff filed a voluntary 7 bankruptcy proceeding,
Case Number 24-09371.

**Response:**    Admit.

3.    **Complaint:**  The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.
This is an action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), and as
such, this is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the
Bankruptcy Court's entry of a final order.

|   | **Response:** | Admit. |
|---|---|---|
| 4. | **Complaint:** | Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a). |
|   | **Response:** | Admit. |
| 5. | **Complaint:** | This is an adversary proceeding as defined by Fed. R. Bankr. P. |

7001(6).

|   | **Response:** | Admit. |

### III. Parties

6. **Complaint:** Plaintiff is a resident at 2585 College Hill Circle, Schaumburg, Illinois.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6; accordingly, they are denied.

7. **Complaint:** Defendant is a qualifying governmental institution in the business of making, insuring, and guaranteeing student loans. Defendant's mailing address is United States Department of Education, 400 Maryland Ave., SW, Washington, DC 20202.

**Response:** Education denies the allegations in the first sentence of paragraph 7 and admits the allegations in the second sentence of paragraph 7.

### IV. Statement of Facts

8. **Complaint:** Prior to filing bankruptcy, in the course of Plaintiff's education, Plaintiff borrowed approximately $220,000 from Defendant(s) in order to finance Plaintiff's education. The current outstanding balance of the student loan(s) is $217,128.00. A list of the loans with current balances is attached as Exhibit #1.

**Response:** Education denies the allegations of paragraph 8 and notes that it holds some, but not all, of the student loans owed by Harris.

9. **Complaint:** Plaintiff incurred the student loan(s) while attending DePaul and University of Southern Mississippi where Plaintiff was pursuing a Master's degree. No payments were due on these loans while Plaintiff was a full-time student.

**Response:** Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9; accordingly, they are denied.

10.   **Complaint:**   Plaintiff completed his/her course of study and received a degree in 6/2018.

**Response:**   Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10; accordingly, they are denied.

11.   **Complaint:**   Under the terms of the loans, Plaintiff was required to begin payments six months after enrollment in the school ended.

**Response:**   Deny.

12.   **Complaint:**   Under the U.S. Department of Education's Standard Repayment Plan, Plaintiff would be required to maintain monthly payments of $2,353.56 for ten years in order to pay off the balance of the student loans.

**Response:**   Deny.

13.   **Complaint:**   Since repayment on the student loans began, the debtor has:

a.   Made approximately 0 payments on the loans, totaling approximately $0
b.   Received 126 cumulative forbearances & deferments totaling 1417.4 months
c.   Applied for a federal consolidation loan.

**Response:**   Education admits that Harris has not made any payments on the student loans held by Education and that Harris has applied for forbearances or deferments and a consolidation loan, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13; accordingly, they are denied.

14.   **Complaint:**   Plaintiff is currently unemployed. Plaintiff gross monthly income from employment is $0 and she is receiving financial support from friends and family members. Plaintiff has other monthly income totaling $0.00.

**Response:**   Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14; accordingly, they are denied.

15.   **Complaint:**   Plaintiff's current monthly household income is $0.  Plaintiff's current monthly household expenses, including payroll deductions, are $1,872.60.

**Response:**      Education lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 15; accordingly, they are denied.

### V. Determination of Dischargeability

16.    **Complaint:**  Under Section 523(a)(8) of the Bankruptcy Code, certain student loans may not be discharged in bankruptcy unless the bankruptcy court determines that payment of the loan "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

**Response:**      Admit.

17.    **Complaint:**  The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

**Response:**      Education admits that paragraph 17 accurately summarizes the

*Brunner* standard and otherwise denies the allegations of paragraph 17.

18.    **Complaint:**  Plaintiff is unable to make payments on his/her student loans. After deducting Plaintiff's reasonable and necessary expenses from his/her income, Plaintiff's discretionary income is insufficient to make student loan payments as required under the loan agreement.

**Response:**      Education lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 18; accordingly, they are denied.

19.    **Complaint:**  Plaintiff's current state of affairs is likely to persist, and his/her financial circumstances are unlikely to materially improve for a significant portion of the debt repayment period.

**Response:**      Education lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 19; accordingly, they are denied.

20.    **Complaint:**  Plaintiff has made good faith efforts to repay the student loans at issue in this proceeding.

**Response:**    Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20; accordingly, they are denied.

21.    **Complaint:**  Based upon the foregoing facts and circumstances, Plaintiff cannot maintain a minimal standard of living if forced to repay the student loans.

**Response:**    Education lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21; accordingly, they are denied.

WHEREFORE, the United States Department of Education requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ David H. DeCelles
    DAVID H. DECELLES
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4220
    david.decelles@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, L.R. 7005-1, and the Administrative Procedures for the Case Management/Electronic Case Filing System, the following document:

ANSWER

was filed and served on October 28, 2024, pursuant to the bankruptcy court's ECF system on the following ECF filer:

David H. Cutler
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
cutlerfilings@gmail.com

s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov